J-S66018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE RAYMELLE WATLEY | : | |
| | : | |
| Appellant | : | No. 204 EDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001039-2014

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: Filed: April 30, 2020

Appellant Andre Raymelle Watley appeals *pro se* from the order dismissing his serial Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition as untimely. Appellant claims that (1) his most recent PCRA counsel was ineffective for failing to preserve claims based on three affidavits he obtained prior to and during the pendency of his previous PCRA appeal; (2) the Commonwealth committed a **Brady**[1] violation; (3) the PCRA court erred in not conducting an independent review of the record before dismissing Appellant's PCRA petition; and (4) the PCRA court erred in not conducting an evidentiary hearing. We affirm.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

We adopt the PCRA court's summary of the procedural history of this appeal.[2] **See** PCRA Ct. Op., 3/27/19, at 1-5. We reiterate that on August 8, 2018, after the Pennsylvania Supreme Court denied allowance of appeal in Appellant's first PCRA proceeding,[3] Appellant filed the instant *pro se* PCRA petition. Therein, Appellant raised claims based on affidavits from George Groller, Dwight Boase, and Nicholas Davila and a **Brady** violation based on the victim's 2009 statement. The PCRA court appointed counsel, Attorney Talia Mazza, Esq., who filed a motion to withdraw and a **Turner**/**Finley**[4] no-merit letter. The trial court issued a Pa.R.Crim.P. 907 notice and permitted Attorney Mazza to withdraw. Appellant filed a *pro se* response to the Rule 907 notice. On January 2, 2019, the PCRA court dismissed the instant petition.

Appellant, acting *pro se*, timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement challenging the PCRA court's decision allowing Attorney Mazza to withdraw and asserting that he timely raised meritorious claims. The PCRA court filed a Rule 1925(a) opinion concluding that all of Appellant's claims were previously litigated, that Attorney Mazza's no-merit

_____

[2] As discussed below, we also agree with the PCRA court that Appellant's **Brady** claim was previously litigated. **See** PCRA Ct. Op., 3/27/19, at 5.

[3] **See Commonwealth v. Watley**, 645 EDA 2017, 2017 WL 5452913 (Pa. Super. filed Nov. 14, 2017) (unpublished mem.) (affirming the denial of relief in Appellant's first PCRA proceeding), *appeal denied*, 56 MAL 2018 (Pa. filed July 18, 2018).

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

letter was appropriate and that Appellant failed to demonstrate that Attorney Mazza was ineffective.

On appeal, Appellant raises the following issues, which we have rephrased for review:

1. Was Attorney Mazza ineffective for failing to investigate and interview eyewitnesses and for not litigating Appellant's claims that the instant PCRA was timely under 42 Pa.C.S. § 9545(b)(1)(i), (ii)?

2. Did the Commonwealth withhold exculpatory evidence in violation of **Brady** and Pa.R.Crim.P. 573?

3. Did the PCRA court err by failing to conduct an independent review of the record before dismissing the instant PCRA petition?

4. Did the PCRA court err by failing to hold an evidentiary hearing?

Appellant's Brief at 9.

We summarize Appellant's first three issues together because they are interrelated. Appellant argues that Attorney Mazza's no-merit letter was defective because she failed to recognize that he timely raised his claims. **Id.** at 10-11. Relatedly, Appellant asserts that the PCRA court did not conduct a proper review of Attorney Mazza's no-merit letter and request to withdraw from representation. **Id.** at 44.

In support, Appellant essentially argues that his instant PCRA petition stated exceptions to the PCRA time-bar based on the Groller, Boase, and Davila affidavits, as well as the **Brady** violation. Appellant further contends that the affidavits and **Brady** violation establish his actual innocence.

- 3 -

The Commonwealth responds that the instant petition was untimely and that none of Appellant's claims established an exception to the PCRA time-bar. Commonwealth's Brief at 5. Alternatively, the Commonwealth argues that Appellant's after-discovered claims based on the Groller, Boase, and Davila affidavits lacked merit. *Id.* The Commonwealth further asserts that Appellant's claims of ineffectiveness against Attorney Mazza were meritless and that the PCRA court did not err in its independent review. *Id.*

Our standard of review from the dismissal of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "We will not disturb findings that are supported by the record." *Id.* (citation omitted). Further, "we may affirm the PCRA court's decision on any basis." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation and quotation marks omitted).

A PCRA petitioner has no right to counsel for the purposes of a subsequent PCRA petition. ***See Commonwealth v. Kubis***, 808 A.2d 196, 200 (Pa. Super. 2002). As our Supreme Court noted in ***Commonwealth v. Haag***, 809 A.2d 271 (Pa. 2002),

> the right to counsel in a second or subsequent PCRA petition is not co-extensive with the right to counsel in a first PCRA petition. While Pa.R.Crim.P. 904(A) provides for the appointment of counsel in a first PCRA petition when the petitioner satisfies the judge that he is unable to afford or otherwise obtain counsel, Pa.R.Crim.P. 904(B) provides for the appointment of counsel in a

second or subsequent PCRA petition only in cases where the petitioner can further establish that an evidentiary hearing is required.

***Haag***, 809 A.2d at 293.

Nevertheless, once the PCRA court appoints PCRA counsel, counsel must diligently represent the petitioner by (1) presenting the petitioner's claims in legally acceptable terms or (2) certifying that the petitioner's claims lack merit and seeking withdrawal under ***Turner***/***Finley***. ***Cf. Commonwealth v. Cherry***, 155 A.3d 1080, 1082-83 (Pa. Super. 2017).

> To withdraw from representation under ***Turner***/***Finley***,
>
> counsel must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Additionally, when considering a request to withdraw under ***Turner***/***Finley***, the PCRA court must conduct an independent review and agree with counsel that the petition was meritless before allowing counsel to withdraw. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). This Court has disapproved of the PCRA court's adoption of counsel's no-merit letter. ***Commonwealth v. Glover***, 738 A.2d 460, 466 (Pa. Super.

1999) (noting that when the PCRA court "affirms by adopting counsel's 'no merit' letter, the certified record fails to demonstrate that the PCRA [c]ourt has conducted a meaningful independent review of the issues"). Nevertheless, the PCRA court may establish its independent review in a Rule 1925(a) opinion. **Commonwealth v. Rykard**, 55 A.3d 1177, 1186 (Pa. Super. 2012).

Instantly, Appellant preserved his challenges to the adequacy of Attorney Mazza's no-merit letter and the PCRA court's independent review in his response to the Rule 907 notice of intent to dismiss the instant petition. Therefore, we will address these challenges. **See Rykard**, 55 A.3d at 1186.

As noted above, Attorney Mazza filed a petition to withdraw and a no-merit letter. She demonstrated a review of the record, listed the issues Appellant wished to raise in the instant petition, and explained why she believed those issues did not warrant relief. **See** Attorney Mazza's No-Merit Ltr., 11/15/18, at 1-3. The PCRA court, in its Rule 907 notice, stated that it was dismissing the instant petition for the reasons stated in Attorney Mazza's no-merit letter. **See** Rule 907 Notice, 11/19/18, at 1. Nevertheless, the PCRA court subsequently issued a Rule 1925(a) opinion in which it independently reviewed the record and concluded that no relief was due. **See Rykard**, 55 A.3d at 1186.

Accordingly, we conclude that Attorney Mazza and the PCRA court substantially complied with the procedures set forth in **Turner/Finley**. Because Appellant contends that Attorney Mazza and the PCRA court erred in

- 6 -

their conclusions that Appellant was not entitled to relief based on the Groller, Boase, and Davila affidavits and his ***Brady*** claim, we will address Appellant's arguments in further detail. Specifically, we consider Appellant's assertion that each of the affidavits constituted newly-discovered facts under Section 9545(b)(1)(ii) and that his ***Brady*** claim was timely filed based on governmental interference under Section 9545(b)(1)(i).

It is well settled that "[t]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1).

> The three statutory exceptions to the PCRA's one-year time-bar are:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 7 -

The former version of the PCRA required a petitioner to file his petition within sixty days of the date the claim could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2) (subsequently amended). However, Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, and currently provides: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (as amended eff. Dec. 24, 2018). The current version of Section 9545(b)(2) applies to claims arising on December 24, 2017, or thereafter. ***See*** Act of Oct. 24, 2018, P.L. 894, No. 146, § 3.

In ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000), our Supreme Court held that

> when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

***Lark***, 746 A.2d at 588.

This Court subsequently stated that "***Lark*** precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible." ***Commonwealth v. Montgomery***, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa.

- 8 -

2018). "[H]owever, nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review." ***Id.***

To successfully raise the newly discovered fact exception under Section 9545(b)(1)(ii), a petitioner must establish that (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). We have previously explained that, "the 'new facts' exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim." ***Brown***, 111 A.3d at 177 (quotation marks and citations omitted).

> Our Supreme Court has held that Section 9545(b)(1)(ii)
>
> requires petitioner to allege and prove that there were **facts** that were unknown to him and that he could not have ascertained those **facts** by the exercise of due diligence. The focus of the exception is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (emphases in original) (citations and some formatting omitted); ***see also Commonwealth v. Lambert***, 57 A.3d 645, 649-50 (Pa. 2012) (concluding that a "newly willing source" supporting a petitioner's previously litigated claims did not satisfy the newly discovered facts exception to the PCRA's time-bar).

Here, the trial court sentenced Appellant on July 22, 2015, and the conviction became final on August 21, 2015, when Appellant did not take a

direct appeal. **_See_** 42 Pa.C.S. § 9545(b)(1), (3). Therefore, Appellant had until Monday, August 22, 2016, to file a facially timely PCRA petition. **_See_** 42 Pa.C.S. § 9545(b)(1); **_see also_** 1 Pa.C.S. § 1908. Accordingly, there is no dispute that the instant petition, which Appellant filed on August 8, 2018, was untimely on its face and that Appellant bore the burden of establishing a PCRA timeliness exception.

### The Groller Affidavit

Appellant challenges Attorney Mazza's and the PCRA court's determination that he previously litigated his claims based on the Groller affidavit. Appellant notes that before the PCRA court denied relief in his first PCRA proceeding, he filed *pro se* petitions on December 12, 2016 and January 5, 2017, attempting to raise claims based on Groller's statement. Appellant's Brief at 13-14. However, Appellant claims that his December 12, 2016 and January 5, 2017 filings were nullities and that the PCRA court and this Court should not have addressed the merits of his claims in his first PCRA appeal. **_Id._** at 14-15.

Moreover, Appellant contends that he timely raised his claims based on the Groller affidavit in the instant petition. **_Id._** at 15. Appellant asserts that he did not have a proper opportunity to preserve his claims based on the Groller affidavit while his first PCRA proceeding was pending in the PCRA court and he was represented by counsel. **_Id._** at 14-15. Appellant adds that his counsel in the first PCRA proceeding abandoned him by failing to raise any claims based on the Groller affidavit at the evidentiary hearing. **_Id._** at 12-13.

The Commonwealth responds that Appellant failed to establish a time-bar exception under Section 9545(b)(1)(ii). Commonwealth's Brief at 12. Additionally, the Commonwealth asserts that Appellant failed to establish due diligence in discovering the fact on which Appellant sought relief and failed to file the instant petition within one year of the date Appellant could have raised the claim. *Id.* at 12-13.

Instantly, Appellant asserted that he first discovered that Groller gave a statement in October of 2016, and that he obtained Groller's affidavit in November of 2016. *See* PCRA Pet., 8/8/18, at 3; Mem. of Law, 8/8/18, at 1, 6-7. Therefore, former Section 9545(b)(2) applied and required him to raise his claims within sixty days of the date they could have been raised, or no later than January of 2017. *See* 42 Pa.C.S. § 9545(b)(2); Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. However, Appellant did not file the instant petition until August of 2018, well beyond the sixty-day period in former Section 9545(b)(2).

We acknowledge Appellant's argument that he did not have a proper opportunity to raise claims based on the Groller affidavit because the PCRA court had not yet ruled in his first PCRA proceeding and he was still represented by counsel. Nevertheless, as the PCRA court and this Court noted in Appellant's first PCRA appeal, Appellant could have raised the Groller affidavit in response to prior PCRA counsel's no-merit letter or in response to the PCRA court's notice of its intent to deny relief.

Therefore, we conclude that Appellant failed to establish that he filed the instant petition within sixty days of the date the claim could have been raised as required by former Section 9545(b)(2). Accordingly, Appellant's claim that he timely filed the instant petition based on the Groller affidavit fails.

**The Boase and Davila Affidavits**

Appellant also contends that Attorney Mazza erred in concluding that his claims based on the Boase affidavit were untimely. Specifically, Appellant asserts that under *Lark*, he could not have raised the Boase affidavit while his first PCRA appeal was pending and that he properly filed the instant petition shortly after the conclusion of his first PCRA appeal. Appellant's Brief at 10-11, 20, 25. Appellant further contends that Attorney Mazza and the PCRA court erred in concluding that his claim of after-discovered evidence based on the Davila affidavits did not merit relief. *See id.* at19, 21.

The Commonwealth, in part, asserts that Appellant could not state a timeliness exception under Section 9545(b)(1)(ii) based on the Boase and Davila affidavits. Commonwealth's Brief at 12. The Commonwealth contends that Boase and Davila did not state previously unknown facts, but were new sources of previously known facts. *Id.*

The record establishes the following. In the instant petition, Appellant outlined the investigative steps he took to identify Boase as a witness and how he obtained favorable information from Davila. *See* Mem. of Law, 8/8/18, at

9-10, 11-12. Appellant asserted that he obtained the Boase and Davila affidavits during the pendency of his first PCRA appeal. *Id.* at 10, 12.

Following her appointment in the present matter, Attorney Mazza determined that Appellant's claims based on the Boase affidavit were time-barred, and in any event would not merit relief. Attorney Mazza's No-Merit Ltr., 11/15/18, at 2. Attorney Mazza stated that Appellant's claims based on the Davila affidavit were timely raised, but did not entitle Appellant to relief. *Id.* at 2-3. The PCRA court, in its Rule 1925(a) opinion, did not address the timeliness of Appellant's claims based on the Boase and Davila affidavits, but concluded that Boase's and Davila's proposed testimony would not have changed the outcome at trial. PCRA Ct. Op., 3/27/19, at 6.

Because the timeliness of a PCRA petition is a threshold, jurisdictional issue, we first consider whether Appellant established an exception under Section 9545(b)(1)(ii). **See Brown**, 111 A.3d at 175. Instantly, a review of the Boase and Davila affidavits reveals that Boase and Davila would assert the same underlying facts as stated in the Groller affidavit; namely, that Appellant was not a participant in the attack in the victim's home. Therefore, these affidavits are new sources for the same facts that were previously known to Appellant. **See Marshall**, 947 A.2d at 720.

Accordingly, even if Appellant promptly raised his claims following the conclusion of his first PCRA appeal, **see Lark**, 746 A.2d at 588, the Boase and Davila affidavits do not establish an exception under Section 9545(b)(1)(ii). **See Marshall**, 947 A.2d at 720.

- 13 -

**Brady**

Appellant also claims that Attorney Mazza and the PCRA court erred in finding that he previously litigated his **Brady** claim based on a statement the victim gave about his assailants in May of 2009.[5]  Appellant's Brief at 34-35, 37-38.  However, we agree with the PCRA court's assessment that this claim was previously litigated in Appellant's first PCRA proceeding.  **See**  PCRA Ct. Op., 3/27/19, at 5; **see also** PCRA Ct. Op., 4/18/17, at 12 (concluding in Appellant's first PCRA proceeding that Appellant's same **Brady** claim was waived); **Watley**, 645 EDA 2017 at 7-9 (affirming the denial of relief on Appellant's **Brady** claim in his first PCRA appeal).

In any event, we add that Appellant failed to establish that his **Brady** claim could establish a time-bar exception under the PCRA.  Appellant asserts, without citation to law, that as a constitutional violation, his **Brady** claim "cannot be waived" and that a court may not add a due diligence and a timeliness requirement.  Appellant Brief at 34-35.  Moreover, Appellant contends that the failure to disclose the victim's May 2009 statement undermined the validity of his plea.  **Id.** at 43.

_____

[5] Appellant also argues that a separate **Brady** violation occurred when the Commonwealth did not disclose the immunity agreement with Appellant's co-defendant, as well as any of his co-defendant's prior inconsistent statements. Appellant's Brief at 38-40.  This claim is waived because it was not included in Appellant's instant PCRA petition and thus is being presented for the first time on appeal. **See Commonwealth v. Mason**, 130 A.3d 601, 638-39 (Pa. 2015).

- 14 -

The Commonwealth responds that Appellant cannot establish a timeliness exception under Section 9545(b)(1)(i) because Appellant cannot prove that the failure to previously raise the claim was the result of interference by government officials. Commonwealth's Brief at 16. The Commonwealth notes that "[g]overnment officials clearly did not prevent Appellant from raising this claim previously, because he actually did raise this claim previously." *Id.* The Commonwealth further agrees with the PCRA court's assessment that the claim was previously litigated for the purposes of the PCRA. *Id.* at 27.

Following our review, we agree with the Commonwealth that Appellant has failed to establish any timeliness exception based on his *Brady* claim. As noted above, the *Brady* claim was raised and addressed on Appellant's first PCRA proceeding. Therefore, Appellant cannot demonstrate that governmental interference prevented him from raising this claim for the purposes of the instant petition. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008); *accord Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (noting that the PCRA's jurisdictional time limits must be strictly construed and that the doctrine of equitable tolling will not extend the filing deadlines).

In sum, having reviewed Appellant's first three issues in this appeal, we discern no merit to Appellant's contentions that Attorney Mazza's no-merit letter was defective and that the PCRA court failed to conduct an independent

review. Although our reasons differ from those stated by Attorney Mazza and the PCRA court, we conclude that the PCRA court did not err in permitting Attorney Mazza to withdraw and dismissing Appellant's claims. *See Charleston*, 94 A.3d at 1028. Moreover, because all of Appellant's underlying claims were untimely or previously litigated, any error in the conclusions drawn by Attorney Mazza or the PCRA court do not require further proceedings.

In his final issue, Appellant argues that he was entitled to an evidentiary hearing. However,

> [i]t is well settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and some formatting omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019). Having found that there are no claims presented in the instant PCRA petition that would entitle Appellant to relief, we conclude that the PCRA court did not err in denying Appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/20